FLETCHER, Judge.
Insurance Network, Inc. [Network] sold an auto insurance policy to Garty Alvin Williams from Ocean Harbor Casualty Insurance Company [Ocean Harbor]. Williams received an insurance binder evidencing that Williams had paid in full for the one-year coverage from Ocean Harbor. Within one year, Williams was in an auto accident while driving his car. He notified Network of the accident, and Network indicated that Williams did not have coverage and attempted to refund his premium payments. The State of Florida then suspended Williams’ license because he was uninsured.
Williams sued Network for negligence, and Ocean Harbor as the principal in an agency relationship with Network. Williams moved for entry of defaults against both defendants, which were en *845 tered by the clerk. Williams then filed a notice for jury trial because the damages were unliquidated. The trial was noticed to all parties, but neither Network nor Ocean Harbor appeared at the trial. Final judgment was entered upon jury verdict in favor of Williams for $85,000, and was served on Network and Ocean Harbor.
More than one year after the judgment had been rendered, Ocean Harbor filed a motion to vacate the judgment claiming that it was never served with process, that it demonstrated excusable neglect, and had a meritorious defense. Network also, more than one year later, filed a similar motion to vacate claiming that it had believed the claims were against its co-defendant Ocean Harbor and thus had believed that it did not have to respond or defend, and that the final judgment was void.
Despite the documentary evidence and testimony that Williams served every paper on both companies’ statutory agents for service of process both before and after defaults had been entered., and that both defendants’ motions to vacate were untimely filed more than one year after entry of judgment, the trial court inexplicably granted the motions of Network and Ocean Harbor and ordered the default judgments vacated. Williams has appealed and we reverse.[1]
Florida Rule of Civil Procedure 1.540 provides that a party has one year from the entry of judgment to file a motion for relief from that judgment, unless the judgment is void for, among other things, lack of service of process or the judgment has been satisfied.[2] Neither Network nor Ocean Harbor has demonstrated on the record governance by the exceptions to the rule’s filing deadline. We therefore reverse the order of the trial court vacating the default final judgments against Insurance Network, Inc. and Ocean Harbor Casualty Insurance Company, and remand for further proceedings consistent herewith and with directions to the trial court to reinstate the final judgment in favor of Williams.
Reversed and remanded, with directions.

. Insurance Network, Inc. and Ocean Harbor were precluded from filing an answer brief and from presenting an oral argument to this Court in this cause for their failure to adhere to the Florida Rules of Appellate Procedure and a prior order of this Court.

.
"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.” [e.s.]
Fla. R. Civ. P. 1.540(b).